UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21873-BLOOM/Otazo-Reyes

GREAT LAKES INSURANCE SE,

 Plaintiff,

v.

CONCOURSE PLAZA,
A CONDOMINIUM ASSOCIATION, INC.

 Defendant.
_____/

## ORDER ON MOTION TO DISMISS COUNTERCLAIMS

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant Great Lakes Insurance SE's ("Great Lakes" or "Plaintiff") Motion to Dismiss Counterclaim, ECF No. [14] ("Motion"). Defendant/Counter-Plaintiff Concourse Plaza, A Condominium Association, Inc. ("Concourse" or "Defendant") filed a Response in Opposition, ECF No. [22] ("Response"), to which Great Lakes filed a Reply, ECF No. [25] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part consistent with this Order.

 **I.** **BACKGROUND**

Concourse purchased a commercial lines insurance policy from Great Lakes ("Policy"). ECF No. [1] ¶ 7. After Hurricane Irma, Concourse filed a Notice of Loss on September 14, 2017, claiming windstorm damage on September 10, 2017. *See id.* ¶ 8. On March 5, 2018, Great Lakes sent Concourse a letter stating that Great Lakes would not pay for the loss because Great Lakes' investigation determined that the damage fell below the deductible. *See id.* ¶¶ 10-11; *see also* ECF No. [1-1] ("Coverage Letter"). On September 4, 2020, Concourse notified Great Lakes that it

intended to pursue additional insurance benefits. *See* ECF No. [1] ¶ 12; *see* ECF No. [1-2] ("Notice"). On April 8, 2021, more than three (3) years after the date of the alleged windstorm damage, Concourse sent Great Lakes a proof of loss for $6,208,518.62 and a letter demanding appraisal. *See* ECF No. [1] ¶ 15; *see also* ECF No. [1-3] ("Demand for Appraisal").

On May 19, 2021, Great Lakes filed its Complaint, seeking declaratory judgment that the Notice on September 4, 2020, did not constitute valid notice of a supplemental claim, and that the Demand for Appraisal on April 8, 2021, was an untimely supplemental claim. *See* ECF No. [1] at 5. Great Lakes contends that Florida Statute § 627.70132 applies to bar any claims. *See id.* ¶ 16. Section 627.70132 states, in relevant part:

> A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer in accordance with the terms of the policy within 3 years after the hurricane first made landfall or the windstorm caused the covered damage.

Fla. Stat. § 627.70132 (2017).[1] Because the Demand for Appraisal was sent more than three (3) years after the incident, Great Lakes seeks a "declaration that [Concourse] failed to timely provide statutory notice of its supplemental claim for damages, thereby rendering its demand for appraisal untimely." ECF No. [1] ¶ 1.

On August 6, 2021, Concourse filed its Answer to the Complaint asserting nine (9) affirmative defenses ("Defenses"). *See* ECF No. [9] at 7-14. Concourse also raised three (3)

---

[1] Great Lakes correctly notes that Florida recently amended Fla. Stat. § 627.70132 (2021). *See* ECF No. [14] at 2, n.1. The amended Fla. Stat. § 627.70132 (2021) is not applicable to the claims at issue. *See Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla. 1996) ("It is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively . . . . Consistent with these rules of construction, it is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." (citations omitted)). Any references to Fla. Stat. § 627.70132 in this Order is to the unamended version quoted above. *See* Fla. Stat. § 627.70132 (2017).

counterclaims: an action for specific performance to compel Great Lakes' compliance with the Policy's appraisal clause ("Count I"); an action for declaratory judgment regarding "(i) Parties' rights, duties and responsibilities under the Policy with respect to the Loss and the Insurance Claim (and those insurance policy benefits recoverable thereunder); (ii) declaration of the legal status of each of the Parties as it concerns the Policy; and (iii) award of all other relief (separate and apart from the damages and/or other forms of relief available to the Insured under any other stated count set forth herein)" ("Count II"); and an action for breach of contract seeking an award of compensatory damages, consequential damages, attorney's fees, costs, and pre-judgment-, post-loss, and/or post-judgment interest ("Count III" and collectively with Counts I and II, "Counterclaims"). *See id.* at 24-31.

On August 25, 2021, Great Lakes filed the instant Motion to Dismiss Concourse's Counterclaims pursuant to Rule 12(b)(6). *See generally* ECF No. [14]; *see also* Fed. R. Civ. P. 12(b)(6). Great Lakes argues that the Counterclaims are redundant and serve no useful purpose because full and complete relief can be afforded to the Parties through Great Lakes' Complaint and Concourse's Defenses. *See* ECF No. [14] at 1. Concourse responds that the Counterclaims are not redundant and are based upon the specific terms and provisions of the policy, none of which appear in Great Lakes' Complaint or the Defenses. *See generally* ECF No. [22].

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-

3

defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), the court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Furthermore, courts may dismiss a counterclaim if the counterclaim is redundant. *See Evanston Ins. Co. v. Gaddis Corp.*, No. 15-CIV-60163, 2015 WL 2070386, at *2 (S.D. Fla. May 4, 2015) (citing *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011)). When deciding whether to dismiss a counterclaim as redundant, courts consider

4

whether the counterclaim "serves a useful purpose." *Medmarc*, 783 F. Supp. 2d at 1217. To determine whether the counterclaim serves a useful purpose, "courts should consider whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id.* (internal quotation marks and citations omitted). However, "[e]ven if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Id.* (citation omitted).

### III.    DISCUSSION

#### A. Redundancy of Counts I-III with Respect to the Complaint and Defenses

Great Lakes argues that Concourse's Counterclaims are redundant because the Counterclaims seek to compel appraisal and the Complaint seeks a declaration that Concourse failed to timely provide statutory notice of its supplemental claim for damages, thus rendering Concourse's demand for appraisal untimely. *See* ECF No. [25] at 2; *see also* ECF No. [1] ¶ 1 ("Great Lakes seeks a declaration that Respondent failed to timely provide statutory notice of its supplemental claim for damages, thereby rendering its demand for appraisal untimely."). More specifically, Great Lakes argues that the Second, Sixth, and Seventh Defenses aver that Concourse timely complied with notice requirements. *See* ECF No. [14] at 5. Great Lakes also argues that the Third, Fourth, Eighth, and Ninth Defenses aver that Great Lakes cannot escape liability due to Great Lakes' actions or inactions upon receiving notice. *See id.* As such, Great Lakes contends that in addressing the Complaint and Defenses, the Court will necessarily address the Counterclaims. *See id.* at 6.

Concourse responds that the Complaint and the Defenses are directed at the issue of whether Concourse met the statutory notice requirement in Fla. Stat. § 627.70132. *See* ECF No. [22] at 6. Because the Complaint and the Defenses concern the rights and obligations of the Parties pursuant to Fla. Stat. § 627.70132, Concourse contends that the Complaint and the Defenses do

5

not address the rights of the Parties pursuant to the Policy and Florida case law. *See id.* at 6-7. According to Concourse, even if Concourse were to prevail on its Defenses, thereby obtaining a ruling that Concourse met the notice requirement of Fla. Stat. § 627.70132, Concourse may still not be entitled to appraisal pursuant to the Policy. *See id.* at 12.

The Court agrees with Concourse. Great Lakes' Complaint seeks a declaration that Concourse failed to timely provide statutory notice of its supplemental claim for damages, thereby rendering Concourse's demand for appraisal untimely. *See* ECF No. [1] ¶ 1. If Great Lakes does not prevail, the common-sense contrapositive outcome is a holding that Concourse timely provided statutory notice of its supplemental claim for damages, thereby making its demand for appraisal timely. However, making a timely demand for an appraisal is only one condition precedent for appraisal. It is not a condition sufficient. There may be several reasons why appraisal may still be improper, despite a timely notice demanding appraisal. Concourse's Counterclaims seek to ensure an appraisal.

Furthermore, although Great Lakes specifically references the Second, Sixth, and Seventh Defenses, the Defenses do not fully address whether the Court should compel appraisal. *See* ECF No. [14] at 5. The Second Defense claims that Concourse gave timely notice of the loss through its Notice of Loss on September 14, 2017, satisfying the "prompt notice of the loss or damage" provision of the Policy. *See* ECF No. [9] at 7-8. The Sixth Defense claims that the Notice of Loss satisfied the timely notice requirement of Fla. Stat. § 627.70132. *See id.* at 10. The Seventh Defense claims that the Notice on September 4, 2020, also satisfied the timely notice requirement of Fla. Stat. § 627.70132. *See id.* at 11. If Concourse were to prevail on any of the three Defenses, Concourse would be deemed to have given timely notice of the claim, but it does not follow that the Court would compel appraisal because there may be other conditions precedent for the Court to consider before compelling appraisal.

Great Lakes also references the Third, Fourth, Eighth, and Ninth Defenses. *See* ECF No. [14] at 5. These Defenses also do not fully address whether the Court should compel appraisal. The Third Defense claims that Great Lakes' Coverage Letter on March 5, 2018, effectively waived Great Lakes' right to rely on any alleged failure on the part of Concourse to give timely notice. ECF No. [9] at 9. The Fourth Defense similarly claims that Great Lakes should be estopped from raising any alleged failure to satisfy post-loss conditions given the Coverage Letter. *See id.* at 9-10. The Eighth Defense claims that, by failing to raise any concerns after the September 4, 2020 Notice, Great Lakes waived its right to rely on any alleged failure on the part of Concourse to comply with Fla. Stat. § 627.70132. *See id.* at 12-13. Lastly, the Ninth Defense similarly claims that Great Lakes should be estopped from raising any alleged failure to comply with Fla. Stat. § 627.70132 because Great Lakes did not raise any concerns after the September 4, 2020 Notice. *See id.* at 13-14. If Concourse were to prevail on any of the four Defenses, Great Lakes would not be able to raise the lack of timely notice as a defense due to Great Lakes' actions or inactions. However, once again, it does not follow that the Court would compel appraisal as there may be other conditions precedent for the Court to consider before compelling appraisal. As such, Concourse's Counterclaims are not wholly redundant to the Complaint and Defenses.[2]

---

[2] Great Lakes relies on several cases in arguing that the Counterclaims should be dismissed. *See* ECF No. [14] at 6-7. Only one of the cited cases involves counterclaims that were redundant to the claims in the complaint or defenses. *See Cantonis Co. v. Certain Interested Underwriters at Lloyds, London*, No. 18-81703-CIV-ROSENBERG/REINHART, 2019 WL 3429962, at *4 (S.D. Fla. May 9, 2019) (holding that dismissal of a counterclaim for declaratory relief was warranted when "its resolution turn[ed] on questions of fact that are subsumed within the breach of contract claim and redundant to the affirmative defenses"). *Cantonis* is distinguishable from this case because the Counterclaims in this case affirmatively seek, in part, a Court order compelling appraisal, which is not covered by the Complaint or Defenses. The other cited cases involve instances in which the plaintiff's claims were redundant to each other. *See Ministerio Evangelistico Int'l v. United Specialty Ins. Co.,* No. 16-25313-CIV-MORENO, 2017 WL 1363344, at *2 (S.D. Fla. Apr. 5, 2017) (dismissing a plaintiff's declaratory judgment claim as duplicative of the plaintiff's breach of contract claim); *Eisenberg v. Standard Ins. Co.*, No. No. 09–80199–CIV, 2009 WL 3667086, at *3 (S.D. Fla. Oct. 26, 2009) (dismissing a plaintiff's declaratory judgment claim as duplicative of the plaintiff's claim for disability benefits); *Hinds v. Am. Sec. Ins. Co.*, 2016 WL 8677863, at *7 (S.D. Fla. Sept. 9, 2016) (dismissing a plaintiff's declaratory judgment claim as duplicative of the plaintiff's breach

### B. Alternative Means to Relief

Great Lakes also argues that any relief sought through the Counterclaims serves no useful purpose because when the Court addresses Great Lakes' claim for declaratory relief, it may award any ancillary or supplemental relief the Court deems appropriate pursuant to the Declaratory Judgment Act. *See* ECF Nos. [14] at 6 ("[I]f the Court ultimately finds that the supplemental claim was timely, it can award any such ancillary or supplemental relief deemed appropriate, including ordering the parties to appraisal and/or finding Great Lakes breached its obligations under the policy by refusing appraisal."); [25] at 2-3. Concourse does not appear to address this argument and merely states that there is "no mechanism" to resolve the balance of the insurance claim in its favor without its Counterclaims. *See* ECF No. [22] at 12.

The Declaratory Judgment Act provides that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. In addition, "[f]urther necessary or proper relief based on declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. The Eleventh Circuit has determined that "[b]oth the federal and Florida declaratory judgment acts expressly allow a plaintiff to request further relief based on a declaratory judgment." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1357 (11th Cir. 2021) (citing 28 U.S.C. § 2202; Fla. Stat. § 86.061).

Considering the Act, Great Lakes is persuasive to the extent that it argues that the Court may award any ancillary or supplemental relief that the Court deems appropriate, such as an appraisal or a determination that Great Lakes breached the Policy. *See* 28 U.S.C. § 2202. Further, the Court may grant monetary damages based on a declaratory judgment. *See id.* However, the fact

---

of contract claim). As discussed below, Great Lakes is persuasive to extent that it argues that some of the Counts are duplicative of each other.

8

that the Court may grant ancillary or supplemental relief, such as an appraisal or monetary damages, is not sufficient grounds to dismiss Counterclaims affirmatively seeking such relief. Concourse is entitled to seek such relief even if the Court may grant the relief because the Court may choose not to exercise its discretion. The Court is unaware of, and Great Lakes has failed to cite to, any authority in support of Great Lakes' position that Concourse's Counterclaims seeking appraisal or other relief must be dismissed because the Court may potentially exercise its discretion to grant ancillary or supplemental relief. *See* ECF No. [14] at 6.[3]

### C. Redundancy of Counts II-III with Respect to Each Other

Great Lakes argues, in the alternative, that Count II should be dismissed because it is redundant to Count III. *See* ECF No. [25] at 4, n.2; *see also* ECF No. [14] at 3 (noting that the Counterclaims are "superfluous and redundant . . . to each other"). Great Lakes contends that resolving the breach of contract claim in Count III will resolve the declaratory judgment claim in Count II. *See id.* Concourse does not appear to address the redundancy of the Counterclaims to each other. *See generally* ECF No. [22].

In general, "[a] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Fernando Grinberg Tr. Success Int. Properties LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (citing *McIntosh v. Harbour Club Villas*, 468 So.2d 1075, 1080-81 (Fla. 3d DCA 1985) (Nesbitt, J. specially concurring); *Taylor v. Cooper*, 60 So.2d 534, 535-36 (Fla. 1952)) (internal quotation marks omitted). In *Fernando Grinberg Tr. Success Int. Properties*

---

[3] Great Lakes cites *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1357 (11th Cir. 2021), for the proposition that the Court may exercise its discretion under the Declaratory Judgment Act to grant ancillary or supplemental relief. *See* ECF No. [14] at 6. *Mack* does not, however, support the proposition that the Court must dismiss ancillary or supplemental claims for relief that the Court may grant at its discretion.

9

Case 1:21-cv-21873-BB Document 26 Entered on FLSD Docket 12/20/2021 Page 10 of 12

Case No. 21-cv-21873-BLOOM/Otazo-Reyes

*LLC*, the plaintiff's complaint alleged a breach of contract and also sought declaratory relief regarding the same contract. *See* 2010 WL 2510662, at *1. The court determined that the claim for declaratory relief was subsumed within the claim for breach of contract and dismissed the claim for declaratory relief. *See id.* at *2.

Here, similar to *Fernando Grinberg Tr. Success Int. Properties LLC*, Concourse seeks damages in Count III from Great Lakes' alleged breach of the Policy. *See* ECF No. [9] at 30. In Count II, Concourse seeks a declaration setting forth the Parties' rights, duties, and responsibilities under the same Policy. *See id.* at 26-27. A determination of the breach of contract claim will involve the same factual dispute as the declaratory judgment claim, namely, to what extent the loss is covered by the Policy. In other words, Concourse will be able to secure full, adequate, and complete relief through the breach of contract claim without relying on the declaratory relief claim. Further, to the extent that Count II seeks a declaration regarding Concourse's entitlement to binding appraisal proceedings, *see* ECF No. [9] at 28, ¶ 48, the same relief is sought in Count I. As such, the dismissal of Count II is appropriate.[4]

Finally, Great Lakes argues that Count III should be dismissed because Count III seeks "the costs for prosecuting the insurance claim" to which Concourse would already be entitled if Concourse were to prevail on Count I. *See* ECF No. [25] at 4, n.2. Great Lakes argues that if the Court were to compel appraisal under Count I, Fla. Stat. § 627.428 already provides a mechanism for Concourse to recover the costs for prosecuting the insurance claim. *See id.*; *see also* ECF No.

---

[4] Although Concourse does not appear to address the contention that the Counterclaims are redundant to each other, Concourse argues that redundancy, in general, is not a basis for dismissal under Rule 12(b)(6). *See* ECF No. [22] at 16. While Great Lakes frames the Motion to Dismiss as a claim pursuant to Rule 12(b)(6), Great Lakes also cites well-established legal authority that a court may exercise its discretion to dismiss counterclaims for redundancy. *See* ECF No. [14] at 3-4. Indeed, the Court may exercise its discretion and dismiss claims for redundancy. *See, e.g.*, *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-CV-80286-ROSENBERG/HOPKINS, 2017 WL 4347385, at *3 (S.D. Fla. Sept. 29, 2017); *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011). Thus, Concourse's argument on this matter is unpersuasive.

[25] at 3. The Court notes, however, that Concourse seeks not only attorneys' fees but also compensatory damages, consequential damages, pre-judgment, post-loss, and/or post-judgment interest in Count III. *See* ECF No. [9] at 30-31. Such monetary relief is not provided for in Fla. Stat. § 627.428. Further, as noted above, the fact that there are statutory means to obtain the relief sought does not preclude Concourse from affirmatively seeking such relief. Therefore, the Court is not persuaded by Great Lakes' argument that the Court should dismiss Count III because Fla. Stat. § 627.428 provides for some of the relief requested in Count III. Finally, "[e]ven if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Medmarc,* 783 F.Supp.2d at 1217. The Court exercises such discretion here with regard to Count III.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Great Lakes' Motion to Dismiss, **ECF No. [14]**, is **GRANTED IN PART AND DENIED IN PART**.
2. Count II of Concourse's Counterclaims is **DISMISSED**.
3. Great Lakes shall file its answer to Counts I and III of Concourse's Counterclaims **on or before December 31, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 17, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

11

Case No. 21-cv-21873-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record