UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21873-BLOOM/Otazo-Reyes

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

CONCOURSE PLAZA,
A CONDOMINIUM ASSOCIATION, INC.

    Defendant.
_____/

**ORDER ON MOTION TO COMPEL BINDING APPRAISAL PROCEEDINGS**

**THIS CAUSE** is before the Court upon Defendant/Counter-Plaintiff Concourse Plaza, A Condominium Association, Inc.'s ("Concourse" or "Defendant") Motion to Compel Binding Appraisal Proceedings on a Dual-Track Basis, ECF No. [30] ("Motion"). Plaintiff/Counter-Defendant Great Lakes Insurance SE ("Great Lakes" or "Plaintiff") filed a Response in Opposition, ECF No. [33] ("Response"), to which Defendant filed a Reply, ECF No. [34] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

According to the Complaint, Concourse purchased a commercial lines insurance policy from Great Lakes ("Policy"). ECF No. [1] ¶ 7. After Hurricane Irma, Concourse filed a Notice of Loss on September 14, 2017, claiming windstorm damage on September 10, 2017. *See id.* ¶ 8. On March 5, 2018, Great Lakes sent Concourse a letter stating that Great Lakes would not pay for the loss because Great Lakes' investigation determined that the damage fell below the deductible. *See id.* ¶¶ 10-11; *see also* ECF No. [1-1] ("Coverage Letter"). On September 4, 2020, Concourse

notified Great Lakes that it intended to pursue additional insurance benefits. *See* ECF No. [1] ¶ 12; *see also* ECF No. [1-2] ("Notice"). On April 8, 2021, more than three (3) years after the date of the alleged windstorm damage, Concourse sent Great Lakes a proof of loss for $6,208,518.62 and a letter demanding appraisal. *See* ECF No. [1] ¶ 15; *see also* ECF No. [1-3] ("Demand for Appraisal"). The Policy's Appraisal Clause states in relevant part:

> If we and you disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, each party must select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>     a. Pay its chosen appraiser; and
>     b. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we still retain our right to deny the claim.

*See* ECF No. [9] at 58 ("Appraisal Clause").

On May 19, 2021, Great Lakes filed its Complaint, seeking declaratory judgment that the Notice on September 4, 2020, did not constitute valid notice of a supplemental claim, and that the Demand for Appraisal on April 8, 2021, was an untimely supplemental claim. *See* ECF No. [1] at 5. Great Lakes contends that Florida Statute § 627.70132 applies to bar any claims. *See id.* ¶ 16. Because the Demand for Appraisal was sent more than three (3) years after the incident, Great Lakes seeks a "declaration that [Concourse] failed to timely provide statutory notice of its supplemental claim for damages, thereby rendering its demand for appraisal untimely." ECF No. [1] ¶ 1.

On August 6, 2021, Concourse filed its Answer to the Complaint asserting nine (9) affirmative defenses. *See* ECF No. [9] at 7-14. Concourse also raised three (3) Counterclaims: an action for specific performance to compel Great Lakes' compliance with the Appraisal Clause ("Count I" or "Counterclaim"); an action for declaratory judgment regarding "(i) Parties' rights,

duties and responsibilities under the Policy with respect to the Loss and the Insurance Claim (and those insurance policy benefits recoverable thereunder); (ii) declaration of the legal status of each of the Parties as it concerns the Policy; and (iii) award of all other relief (separate and apart from the damages and/or other forms of relief available to the Insured under any other stated count set forth herein)" ("Count II"); and an action for breach of contract seeking an award of compensatory damages, consequential damages, attorneys' fees, costs, and pre-judgment, post-loss, and/or post-judgment interest ("Count III" and collectively with Count I, "Counterclaims"). *See id.* at 24-31. On December 19, 2021, the Court dismissed Count II of Concourse's Counterclaims. *See* ECF No. [26].

On March 15, 2022, Defendant filed the instant Motion to Compel Appraisal. Defendant argues that appraisal is warranted because (1) appraisals are the preferred method for resolving "amount of loss" disputes; (2) appraisals are appropriate and mandatory where the insurer acknowledges coverage, either in whole or in part; (3) the appraisal panel is uniquely qualified to set the amount of the loss, as well as determine scope and method of necessary repairs; (4) Defendant is entitled to have the loss resolved via binding appraisal proceedings in accordance with the Appraisal Clause; and (5) the Policy contemplates a dual-track approach to a contemporaneous resolution of the "amount of loss" and the statutory "notice" questions. *See* ECF No. [30].

Plaintiff responds that the Motion should be denied because (1) the Motion is tantamount to a procedurally improper motion for summary judgment; and (2) appraisal is not appropriate before the Court addresses whether the supplemental claim is statutorily time-barred. *See* ECF No. [33]. Plaintiff also argues that if the Court grants the Motion, then attorneys' fees or costs should not be awarded during the appraisal proceedings, and the appraisal proceedings should be non-

3

binding and subject to the Court's confirmation as to the timeliness of the appraisal demand. *See id.* at 9.

Defendant replies that the Court has the authority to compel appraisal even if the Motion is styled as a motion to compel as opposed to a motion for summary judgment. *See* ECF No. [34]. Defendant further avers that the Court need not address the threshold issue of timeliness before compelling the parties to appraisal. *See id.*

## II. LEGAL STANDARD

Under Florida law, "[a]ppraisal provisions in insurance policies generally are treated the same as arbitration clauses." *Waterford Condo. Ass'n of Collier Couty, Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38UAM, 2019 WL 4863134, at *1 (M.D. Fla. July 3, 2019), *report and recommendation adopted sub nom. Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731 (M.D. Fla. Aug. 16, 2019) (citing *Wright Way Emergency Water Removal, LLC v. Mt. Hawley Ins. Co.*, No. 8:16-cv-1163-T-17MAP, 2016 WL 9526569, at *2 (M.D. Fla. July 29, 2016) (citing *Fla. Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So. 3d 703, 704 (Fla. 4th DCA 2009); *Preferred Mut. Ins. Co. v. Martinez*, 643 So. 2d 1101, 1102 (Fla. 3d DCA 1994))). The presence of a valid arbitration provision, and by extension a valid appraisal clause, raises a strong presumption of enforcement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630-31 (1985) (stressing that the enforcement of a mutually agreed upon arbitration or forum-selection clause serves as an "indispensable precondition to the achievement of the orderliness and predictability essential to any international business transaction").

When presented with a motion to compel arbitration, and by extension a motion to compel appraisal, a district court will consider three factors: (1) whether a valid agreement exists; (2)

whether an arbitrable or appraisal issue exists; and (3) whether the right was waived. *See Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010) *aff'd*, 433 F. App'x 842 (11th Cir. 2011); *see also Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envt'l. Partners, Inc. v. Johnson*, 863 So. 2d 423, 426 (Fla. 4th DCA 2003); and *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)) ("Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived."). "A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement." *Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013) (citing *Bess v. Check Express*, 294 F.3d 1298, 1306-07 (11th Cir. 2002)).

## III.  DISCUSSION

As noted above, Defendant argues that appraisal is warranted because (1) appraisals are the preferred method for resolving "amount of loss" disputes; (2) appraisals are appropriate and mandatory where the insurer acknowledges coverage, either in whole or in part; (3) the appraisal panel is uniquely qualified to set the amount of the loss, as well as determine scope and method of necessary repairs; (4) Defendant is entitled to have the loss resolved via binding appraisal proceedings in accordance with the Appraisal Clause; and (5) the Policy contemplates a dual-track approach to a contemporaneous resolution of the "amount of loss" and the statutory "notice" questions. *See* ECF No. [30]. Plaintiff responds that (1) the Motion is tantamount to a procedurally improper motion for summary judgment; and (2) appraisal is not appropriate because the Court must address whether the supplemental claim is statutorily time-barred before compelling

appraisal. *See* ECF No. [33]. Defendant replies that the Court has the authority to compel appraisal even if the Motion is styled as a motion to compel appraisal, as opposed to a motion for summary judgment, and Defendant can seek appraisal through a motion to compel appraisal. *See* ECF No. [34]. Defendant further avers that the Court need not address the threshold issue of timeliness before compelling the parties to appraisal. *See id.*

The Court first considers Plaintiff's procedural challenge. Plaintiff argues that appraisal is one of the ultimate issues in the case and a key subject of the parties' pleadings. *See* ECF No. [33] at 2-4. Plaintiff submits that the Motion effectively seeks one of the ultimate reliefs sought in the case, making it tantamount to a motion for summary judgment. *See id.* Plaintiff specifically argues that compelling appraisal will dispose of Plaintiff's request for declaratory relief that Defendant is not entitled to appraisal, *see* ECF Nos. [1] ¶ 1, Count I of Defendant's Counterclaims which is styled as "Specific Performance: Action to Compel Insurer's Compliance with the Policy's Appraisal Clause[,]" ECF No. [9] at 24, and Plaintiff's affirmative defense to Count I that appraisal is not appropriate because the supplemental claim and demand for appraisal are statutorily time-barred, *see* ECF No. [27] at 9-10. As such, Plaintiff argues that the Court should treat the Motion as a motion for summary judgment and should deny the Motion for failing to comply with the requirements of Fed. R. Civ. P. 56 and S.D. Fla. L.R. 56.1. Plaintiff relies on *Waterford*, 2019 WL 3852731, at *2, where the court explained that a motion to compel appraisal should be treated as a motion for summary judgment when appraisal will dispose of claims and defenses. *See* ECF No. [33] at 2-3.

Defendant replies that the Court has the authority to compel appraisal and Plaintiff's reliance on *Waterford*, 2019 WL 3852731, at *2, is unavailing because in that case, the court refused to treat a motion to compel appraisal as a motion for summary judgment. *See* ECF No.

[34] at 2. Defendant further relies on three cases to argue that the appropriate vehicle to address appraisal is a motion to compel appraisal and that Defendant need not move for summary judgment to compel appraisal. *See id.* at 2-4 (citing *Creekside Crossing Condominium Association, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-136-JLB-MRM, 2021 WL 2003007, *2 (M.D. Fla. March 15, 2022); *The Breakwater Commons Association, Inc. v. Empire Indemnity Insurance Company*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888, at *3 (M.D. Fla. Mach 31, 2021); *Positano Place at Naples I Condominium Association, Inc. v. Empire Indemnity Insurance Company*, No. 21-cv-178-SPC-MRM, 2022 WL 714808, at *2 (M.D. Fla. March 10, 2022)).

The Court is not persuaded by Defendant's arguments. First, Plaintiff properly cites *Waterford*, 2019 WL 3852731, at *2, for the proposition that a motion to compel appraisal should be treated as a motion for summary judgment if appraisal will dispose of claims and defenses. In *Waterford*, the court relied on *Indian Harbor Ins. Co. v. Int'l Studio Apartments, Inc.*, No. 09-CIV-60671, 2009 WL 10668574, *3 (S.D. Fla. Sept. 22, 2009), and noted that "[o]ne of the counts in *Indian Harbor* was a demand for appraisal, so the court [in *Indian Harbor* appropriately] treated a motion to compel appraisal as a request for summary judgment on that claim." 2019 WL 3852731, at *2. The court in *Waterford* did not treat the motion to compel appraisal in *Waterford* as a motion for summary judgment because, unlike the motion to compel appraisal in *Indian Harbor*, the motion to compel appraisal in *Waterford* "will not dispose of any claims or defenses." *Id.* Therefore, Plaintiff correctly relies on *Waterford* and the Court should treat a motion to compel appraisal as a motion for summary judgment if appraisal will dispose of any claims or defenses.

In this case, it is apparent that compelling appraisal will dispose of several claims and defenses, namely (1) Plaintiff's request for declaratory relief that Defendant is not entitled to appraisal, *see* ECF No. [1] at 4-5; (2) Defendant's Counterclaim seeking appraisal, *see* ECF No.

[9] at 24-26; and (3) Plaintiff's affirmative defense to Defendant's Counterclaim arguing that appraisal is not appropriate because the supplemental claim and demand for appraisal are statutorily time-barred, *see* ECF No. [27] at 9-10. As such, the Motion should be treated as a motion for summary judgment.

Viewing the Motion in this light, the Motion is improper because it is not accompanied by a separate and contemporaneously filed statement of material facts. *See* S.D. Fla. L.R. 56.1(a)(1). Even if the Court were to look past this procedural deficiency, the Motion fails to set forth any undisputed material facts or make legal arguments for the Court to hold that appraisal is warranted as a matter of law. A legal determination at this stage is premature given the claims and defenses raised. For instance, in Plaintiff's Answer to Defendant's Counterclaims, Plaintiff expressly states that "Concourse has failed to allege and is unable to prove that it is entitled to an appraisal under the circumstances with respect to its claim and Great Lakes' adjustment of it." ECF No. [27] at 9, ¶ 3. Plaintiff continues that Defendant's claim for appraisal is barred by the deadlines set forth in Fla. Stat. § 627.70132. *See id.* ¶ 4. Defendant's Motion does not establish that there is no genuine issue of material fact regarding Defendant's compliance with Fla. Stat. § 627.70132, nor does Defendant contend that the requirements of Fla. Stat. § 627.70132 are inapplicable in this case.

Moreover, Defendant's three cited cases are not instructive in this case. First, *Creekside*, 2021 WL 2003007, was a breach-of-contract case in which the parties were disputing the value of the loss and the insurer was refusing to proceed to appraisal. The court determined that it could not address the pending motion for summary judgment because the value of the loss was in dispute. *See id.* The court specifically stated that it was "premature to address a breach-of-contract claim based on undervaluation until the issue of appraisal is resolved." *Id.* The court further stated that "*[i]n this context*, the Association's pending motion for summary judgment is not the proper

vehicle to address appraisal." *Id.* (emphasis added). As such, the court required a separate motion to compel appraisal. In contrast, in this case, valuation is not an issue that is preventing the case from moving forward. Determining the value of the loss through appraisal is not necessary for the case to proceed and for the Court to address whether Defendant is entitled to appraisal in the first place. In this context, where the Court can address the ultimate issues in the case without appraisal and where the ultimate issue is whether Defendant is entitled to appraisal, the Court requires a motion for summary judgment.[1]

Second, *Breakwater*, 2021 WL 1214888, at *3, is inapposite to the instant case. In *Breakwater*, the court stated that "there is no dispute that Hurricane Irma was a covered peril and that Breakwater sustained significant windstorm damage as a result of the storm." *Id.* at *1. Furthermore, there was no dispute "that Breakwater reasonably complied with what are commonly referred to as the post-loss conditions of the policy, such as making a timely claim, submitting a sworn proof of loss, supplying information about the loss, and making the property available for inspection." *Id.* Rather, the only issue that the parties "disagree[d] about [was] the scope and dollar value of the loss." *Id.* Because the only issue was the scope and dollar value of the loss, the court in *Breakwater* determined that the parties should proceed to appraisal to determine the amount of loss question and that a separate motion for summary judgment was unnecessary given that the intent of the appraisal clause was to reduce or avoid extensive litigation. In contrast, the instant

---

[1] For similar reasons, Defendant's brief reference to *Island Shores Condo. Ass'n, Inc. v. Great Am. Ins. Co. of New York*, No. 1:14-CV-24490-UU, 2015 WL 12780951, at *3 (S.D. Fla. May 7, 2015), in its Motion is unavailing. *See* ECF No. [30] at 13. In that case, the insured filed a motion to compel appraisal after the insurer raised fraud as an affirmative defense. The court granted the motion to compel appraisal "[b]ecause the Court cannot determine whether there was fraud without a determination of whether certain damages and repairs were caused by the water leak." 2015 WL 12780951, at *3. In other words, addressing the claims and defenses in that case required appraisal, making the motion to compel the appropriate procedural vehicle. In contrast, as noted above, appraisal is not required for this case to proceed since the Court can determine Defendant's entitlement to appraisal without ordering the parties to appraisal.

case is not a case in which the only dispute is the value of the loss. The Court must resolve additional issues related to whether Defendant is entitled to appraisal. As such, while the Court recognizes that appraisal clauses are intended to reduce or avoid extensive litigation, even if the Court were to compel appraisal on a dual-track basis in this case, the parties would have to engage in further litigation. That is, the parties will be required to litigate further to determine whether Defendant is entitled to appraisal. Allowing Defendant to compel appraisal through its Motion, as opposed to a motion for summary judgment, does not save the parties from eventually having to file motions for summary judgment.[2] As such, *Breakwater*, 2021 WL 1214888, at *3, is not instructive in this case.

Third, Defendant's reliance on *Positano Place*, 2022 WL 714808, at *2 is misplaced and appears to undermine rather than advance Defendant's position. In *Positano Place*, the court stated that "because appraisal will not dispose of any claims or defenses, the Court does not treat the motion to compel appraisal as one for summary judgment." *Id.* In this case, the appraisal will dispose of claims and defenses as noted above. As such, the Court should treat the Motion as a motion for summary judgment.

In sum, Defendant's Motion is procedurally improper, and Defendant will not be permitted to circumvent the requirements for a motion for summary judgment through the instant Motion.[3] The parties may, of course, raise their arguments again in a motion for summary judgment.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [30]**, is **DENIED**.

---

[2] The Court notes that Plaintiff has filed a Motion for Summary Judgment that is not yet ripe for the Court's consideration. *See* ECF No. [35].

[3] Given the Court's determination, the Court need not address Plaintiff's remaining arguments for why the Motion should be denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record