UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21873-BLOOM/Otazo-Reyes

GREAT LAKES INSURANCE SE,

    Petitioner/Counter-Defendant,

v.

CONCOURSE PLAZA,
A CONDOMINIUM ASSOCIATION, INC.

    Respondent/Counter-Plaintiff.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon the Motion for Summary Judgment, ECF No. [35], filed by Respondent/Counter-Plaintiff Concourse Plaza, A Condominium Association, Inc. ("Concourse Plaza"), and the Motion for Summary Judgment, ECF No. [38], filed by Petitioner/Counter-Defendant Great Lakes Insurance SE's ("Great Lakes"). The Court has carefully reviewed the Motions, all opposing and supporting submissions,[1] the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Concourse Plaza's Motion is denied, and Great Lakes' Motion is granted.

    **I.**    **BACKGROUND**

This is an insurance coverage dispute concerning losses allegedly caused by Hurricane Irma on September 10, 2017. Great Lakes initiated this federal proceeding on May 19, 2021, with

---

[1] Concourse Plaza supported its Motion with a Statement of Material Facts ("SMF"), ECF No. [36]. Great Lakes filed a Response to Concourse Plaza's Motion, ECF No. [45], along with a Response SMF, ECF No. [46]. Concourse Plaza filed a Reply, ECF No. [47], with a Reply SMF, ECF No. [48]. Likewise, Great Lakes supported its Motion with a SMF, ECF No. [37]. Concourse Plaza filed a Response, ECF No. [43], along with a Response SMF, ECF No. [44]. Finally, Great Lakes filed a Reply, ECF No. [50], along with a Reply SMF, ECF No. [49].

the filing of its Petition for Declaratory Relief, ECF No. [1] ("Petition"). Therein, Great Lakes seeks a declaration that Concourse Plaza's failure to comply with Fla. Stat. § 627.70132 bars its claim for losses stemming from Hurricane Irma. *Id*. at 5.

On August 6, 2021, Concourse Plaza filed its Answer, asserting nine affirmative defenses. *See* ECF No. [9]. Concourse Plaza also raised three Counterclaims: an action for specific performance to compel Great Lakes' compliance with the Appraisal Clause ("Count I"); an action for declaratory judgment ("Count II"); and an action for breach of contract ("Count III"). *See id.* at 24-31. On December 19, 2021, the Court dismissed Count II of Concourse Plaza's Counterclaims. *See* ECF No. [26].

In its Motion, Concourse Plaza seeks a declaratory judgment that it has complied with the three-year limitation period set forth in Fla. Stat. § 627.70132. It further seeks judgment that Great Lakes is in breach of the subject policy's appraisal clause and an order referring the parties to binding appraisal. ECF No. [35] at 17-18. In its Motion, Great Lakes seeks declaratory judgment that Concourse Plaza's claim for Hurricane Irma damages is barred by Fla. Stat. § 627.70132. ECF No. [38] at 15.

## II. MATERIAL FACTS

Based on the parties' respective statements of material facts, along with the evidence in the record, the following facts are not in dispute.

At all times relevant, Concourse Plaza was the insured under an insurance policy ("the Policy") issued by Great Lakes for a property located at 1111 Kane Concourse, Bay Harbor Islands, Florida 33154 (the "Property"). ECF No. [9] at 34-150. The Policy had a windstorm deductible of $195,210. *Id.* at 88.

On September 14, 2017, Concourse Plaza filed a Notice of Loss claiming windstorm damage to the Property caused by Hurricane Irma on September 10, 2017. ECF No. [36-2] at 1. That Notice of Loss provided the following description of loss: "Wind damage sustained to building during Irma. Water damage to interior of building as well as exterior roof overhang in covered parking area." *Id.*

On March 5, 2018, Great Lakes sent Concourse Plaza a letter stating that, after investigating the damage to the Property, Great Lakes estimated Concourse Plaza's losses to be $31,035.21. ECF No. [36-5] at 2. Because that amount was within the Policy's $195,210 deductible, Great Lakes determined that Concourse Plaza was not entitled to payment. *Id*. at 3.

On September 4, 2020, Concourse Plaza sent a letter to Great Lakes, titled "Renewed/Supplemental/Reopened Claim re: Hurricane Irma September 10, 2017." ECF No. [36-7] at 1 (the "Notice"). The Notice stated that Concourse Plaza disagreed with Great Lake's estimation of damages and was conducting its own damage assessment. *Id*. at 2-3. It requested Policy documents from Great Lakes and further stated:

> Please consider this correspondence as the Insured's notice of its intent to pursue additional insurance benefits under the Policy for the Loss, and, further, that such notice is being provided in accordance with the Policy's notice provision(s) and/or §627.70132 FLA.STAT. [*Notice Of Windstorm Or Hurricane Claim*]. If, for some reason, the Insurer believes that this notice does not comply with the terms of the Policy and/or aforesaid statute, please notify this office immediately so that we can address any concerns that you may have.

*Id.* at 2. The letter did not contain an estimate of the Hurricane Irma damages.

On September 7, 2020, Great Lakes responded to Concourse Plaza's Notice. ECF No. [44-2]. Great Lakes provided the Policy documents Concourse Plaza requested, and asked, "Does the insured have a repair estimate, which they would like to provide for review? Once received, we can review and determine the next steps in hopes of reaching an amicable resolution." *Id*.

Concourse Plaza did not send an estimate until April 8, 2021, when it sent Great Lakes an Appraisal Demand and a Sworn Statement in Proof of Loss. ECF No. [36-10]. Therein, Concourse Plaza estimated the amount of damages caused by Hurricane Irma to be $6,403,728.62. ECF No. [36-9]. Concourse Plaza subsequently reduced its estimate to $3,276,080.50, after Great Lakes filed suit. ECF No. [36] at 8 ¶ 21.

## II.     LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations[.]'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Crocker v. Beatty,* 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference

4

introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

### III.   DISCUSSION

This case presents three issues: (A) whether Concourse Plaza complied with Fla Sat. § 627.70132, which requires an insured to provide notice of "a supplemental claim" for hurricane damages within three years of the hurricane; (B) whether Great Lakes took any action that could constitute a waiver of its right to insist on Concourse Plaza's compliance with § 627.70132; and (C) whether Concourse Plaza's failure to comply with § 627.70132 bars its demand for appraisal.

#### A.  Compliance with Fla. Stat. § 627.70132

The primary issue in this case is whether Concourse Plaza's claim is barred by Fla Sat. § 627.70132. At the time the Petition was filed in 2021, that statute provided:

> Notice of windstorm or hurricane claim.—A claim, supplemental claim, or reopened claim under an insurance policy that provides property insurance, as defined in s. 624.604, for loss or damage caused by the peril of windstorm or hurricane is barred unless notice of the claim, supplemental claim, or reopened claim was given to the insurer in accordance with the terms of the policy within 3 years after the hurricane first made landfall or the windstorm caused the covered damage. For purposes of this section, *the term "supplemental claim" or reopened claim" means any additional claim for recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim*. This section does not affect any applicable limitation on civil actions provided in s. 95.11 for claims, supplemental claims, or reopened claims timely filed under this section.

Fla. Stat. § 627.70132 (2017).[2] The parties agree that § 627.70132 bars "supplemental claims" for hurricane damage if notice was not given within 3 years after hurricane Irma. There is also no dispute that Concourse Plaza's claim for Hurricane Irma losses beyond what Great Lakes initially

---

[2] Neither party argues that this case is affected by a subsequent amendment to Fla. Stat. § 627.70132 in 2021. All references to Fla. Stat. § 627.70132 in this case refer to the previous version in effect at the time Great Lakes filed suit.

5

paid—nothing—constitutes a "supplemental claim" for hurricane damages.[3] *See, e.g.*, ECF No. [43] at 10 (Concourse Plaza arguing that it provided notice of its "supplemental claim"); ECF No. [38] at 1 (arguing that Concourse Plaza's "supplemental claim" was untimely").

The narrow dispute in this case is whether Concourse Plaza's Notice of September 4, 2020, constitutes valid notice of a "supplemental claim." Great Lakes argues that the Notice was deficient because it lacked an estimation of damages. *See, e.g.*, ECF No. [38] at 10-11. Concourse Plaza counters that neither § 627.0132 nor the Policy explicitly requires any such estimation of damages. *See, e.g.*, ECF No. [35] at 2.

Concourse Plaza is correct that the Policy itself contains no such requirement. For all claims, the Policy requires Concourse Plaza to give "prompt notice of the loss or damage[,]" including "a description of the property involved." ECF No. [9] at 59. There is no dispute that Concourse Plaza's original claim in 2007, submitted shortly after Hurricane Irma, satisfied the Policy's requirements. Unlike § 627.0132, the Policy does not differentiate between initial claims and "supplemental claims"; the term "supplemental claim" does not appear in the Policy at all. ECF No. [43] at 3. Rather, with regard to disputes related to an adjusted claim, the Policy simply directs Concourse Plaza to notify Great Lakes of the dispute. ECF No. [9] at 38. Concourse Plaza's Notice indisputably did so. Thus, if this case turned solely on Concourse Plaza's compliance with the explicit terms of the Policy, as Concourse Plaza argues, *see, e.g.*, ECF No. [35] at 2, then Concourse Plaza would indeed prevail.

But the Policy is affected by § 627.0132, which distinguishes "claim[s]" from "supplemental claim[s]." The statute defines "supplemental claim" as "any additional claim for

---

[3] Neither party argues that there is a meaningful difference between a "reopened claim" and a "supplemental claim" within the context of Fla Sat. § 627.70132. For ease of reference, the Court adopts the parties' convention of referring to Concourse Plaza's claim for Hurricane Irma damages as simply a "supplemental claim."

6

recovery from the insurer for losses from the same hurricane or windstorm which the insurer has previously adjusted pursuant to the initial claim." Great Lakes argues that the plain language of § 627.70132 evinces the "Legislature's intent to mandate a statutory time limitation" on supplemental claims for hurricane damage. ECF No. [38] at 10. That intent would be subverted if an insured could evade the time bar by submitting a "notice of intent to assert an additional claim" within three years of the hurricane, and then wait additional months or years before submitting an actual estimate of the value of the claim. ECF No. [45] at 8.

Concourse Plaza counters that "Great Lakes is requesting that this Court add a requirement to Fla. Stat. § 627.70132[.]" ECF No. [43] at 2. The only requirement explicitly stated in the statute is that notice be given "in accordance with the terms of the policy." ECF No. [43] at 3. When a policy has no additional instructions regarding how to give notice of a "supplemental claim," then no additional requirements exist. *Id*.

The Court is "bound to adhere" to the decision of the highest state appellate court to have ruled on this issue. *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983); *see Goldberg v. Universal Prop. & Cas. Ins. Co.*, 302 So.3d 919 (Fla. 4th DCA 2020). In a related context, the 4th DCA in *Goldberg* held that a valid "supplemental claim" must "set[ ] forth those damages . . . sought in excess of what the insurance company had already paid." *Id.* at 923. Given the importance of the 4th DCA's decision in *Goldberg*, an extended discussion of that case is required.

Like the present case, *Goldberg* involved a dispute as to an insurer's obligation to pay damages for an insured's losses caused by Hurricane Irma. *Id.* at 920. The insurer issued an initial payment, but the insured believed it was entitled to additional recovery. *Id*. at 921-22. The insured notified the insurer that it "had a proposal which was higher than" the insurer's estimate. *Id.* at

922. The insurer requested a copy of that proposal, which the insured did not provide. *Id*. The insured notified the insurer that it was preparing to file suit and then sued. *Id*.

The court in *Goldberg* addressed whether the insured's pre-suit notice complied with the insurance policy's "no action" clause, which obligated the insured to notify the insurer of a "supplemental claim" for hurricane damage prior to filing suit. *Id*. at 923. The policy defined "supplemental claim" as "any additional claim for recovery from us for losses from the same hurricane or windstorm which we have previously adjusted pursuant to the initial claim." *Id*. (quotation marks omitted). That language precisely tracked the language of Fla. Stat. § 627.70132, except that the policy replaced pronouns for "the insurer" and included a necessary grammatical alteration (replacing "has" with "have").

Based on the definition of "supplemental claim," which mirrored the definition in Fla Stat. § 627.70132, the court in *Goldberg* concluded that the insured's pre-suit notice did not constitute a "'supplemental claim,' which is an 'additional claim for recovery,'" because the notice lacked a monetary estimate. *Id.* at 924. The court gave examples of how an insured could satisfy that requirement: by submitting "[a] competing estimate by an insured's independent adjuster, or by a prospective contractor." *Id*. Absent some monetary estimation, however, an insured's objection to an insurer's determination does not constitute notice of a "supplemental claim." *Id.* at 923. A valid supplemental claim must "set[ ] forth those damages . . . sought in excess of what the insurance company had already paid." *Id*.

Concourse Plaza points out several differences between *Goldberg* and the present case. ECF No. [35] at 4-10. Unlike the insurance policy in *Goldberg*, the Policy in this case does not distinguish an initial claim from a "supplemental claim"; indeed, the Policy does not contain the term "supplemental claim" at all. And whereas *Goldberg* turned on the insured's compliance with

8

a pre-suit requirement within the insurance policy, this case turns on Concourse Plaza's compliance with a statute, Fla. Stat. § 627.70132.

However, the Court finds the distinctions between *Goldberg* and the present case immaterial. First, it is not dispositive that the Policy does not define "supplemental claim." Just as § 627.70132 necessarily adds a three-year limitation period to insurance contracts covering hurricane damage, it also incorporates the statutory definition of "supplemental claim" into the parties' agreement, along with any additional notice requirements applicable to "supplemental claim[s]." Second, although the ultimate legal issue in *Goldberg* differs from the issue here, the *Goldberg* court could not have determined the insured's compliance with the insurance policy in that case without interpreting the policy's definition of "supplemental claim," which tracked the language of § 627.70132.

Thus, *Goldberg* held that an insured's notice of its intent to seek additional hurricane damages is *not* a "supplemental claim" within the meaning of § 627.70132 if it does not contain an estimate of additional damages sought. *Goldberg*, 302 So. 3d at 923. The Court is "bound to adhere" to *Goldberg* as it is the highest state appellate court to have ruled on the meaning of "supplemental claim" within the context of Fla. Stat. § 627.70132. *Silverberg*, 710 F.2d at 690.

Applying *Goldberg*'s holding to the present case, the Court concludes that Concourse Plaza's additional claim for Hurricane Irma damages is barred by the three-year statute of limitations stated in Fla. Stat. § 627.70132. Given that Hurricane Irma struck on September 10, 2017, and Great Lakes adjusted Concourse Plaza's initial claim for damages, Concourse Plaza had until September 10, 2020, to submit its "supplemental claim." *Id.* Concourse Plaza's September 4, 2020 Notice of did not constitute a valid notice of a "supplemental claim" because it did not set forth an amount of claimed damages. *See Goldberg*, 302 So. 3d at 923. The Notice was therefore

not an "additional claim for recovery" within the meaning of § 627.70132; it was merely, as the Notice states, a "notice of [Concourse Plaza's] intent to pursue additional insurance benefits." ECF No. [36-7] at 1. Concourse Plaza did not submit its "Sworn Statement in Proof of Loss" until April 8, 2021, nearly seven months after the three-year statute of limitations expired. ECF Nos. [36-9], [36-10]. Accordingly, Concourse Plaza's "supplemental claim" is untimely and barred by Fla. Stat. § 627.70132.

   B.  **Waiver**

Concourse Plaza argues in the alternative that Great Lakes waived its right to insist on Concourse Plaza's compliance with Fla Stat. § 627.70132. ECF No. [35] at 13. Concourse Plaza asserts that "Florida law abhors forfeitures[,]" so Great Lakes waived its right to insist compliance with § 627.70132 by failing to timely alert Concourse Plaza of the statute and taking actions "wholly inconsistent with invoking a forfeiture." ECF No. [35] at 12 (quoting *Axis Surplus Ins. Co. v. Caribbean Beach Club Ass'n, Inc.*, 164 So.3d 684, 686 (Fla. 2d DCA 2014)). Concourse Plaza alleges four actions taken by Great Lakes that amount to waiver.

First, Concourse Plaza argues that Great Lakes should have advised Concourse Plaza of Fla Stat. § 627.70132 in 2018, in its initial coverage letter declining to pay damages caused by Hurricane Irma. ECF No. [35] at 13. But Concourse Plaza has failed to cite to any statute, case, or other authority that suggests that Great Lakes had a duty to inform Concourse Plaza of § 627.70132's limitations period.

Second, Concourse Plaza argues that, in response to Concourse Plaza's September 4, 2020 Notice, Great Lakes "took no immediate action in response" and did not immediately inform Concourse Plaza that it would insist on compliance with Fla Stat. § 627.70132. *Id*. at 13. That argument is belied by the record because Great Lakes *did* respond to Concourse Plaza's Notice on

September 7, 2010, with a request that Concourse Plaza provide an estimation of damages. ECF No. [44-2]. Of course, it may have been difficult for Concourse Plaza to acquire such an estimate by the statutory deadline of September 10, 2010, but that difficulty was not caused by Great Lakes, which reasonably responded to Concourse Plaza's Notice within three days of receipt.

Third, Concourse Plaza argues that Great Lakes waived its defense under § 627.70132 by requesting access to the Property in November 2020, after the three-year limitations period expired, to investigate Concourse Plaza's claim. ECF No. [35] at 14. However, investigating a potentially barred claim does not waive a party's right to argue that the claim is barred. As Great Lakes stated in its response to Concourse Plaza's Notice, there was a possibility of the parties "reaching an amicable resolution," ECF No. [44-2], foregoing the necessity of the present litigation. Faulting Great Lakes for investigating the potentially barred claim would discourage parties from resolving disputes outside of court. The primary case cited by Concourse Plaza—*Axis*, 164 So.3d 684—does not require such a result, and the Court finds no other authority that would.

Fourth and last, Concourse Plaza faults Great Lakes for failing "to provide any type of pre-suit response to the Association's April 8, 2021, Appraisal Demand." ECF No. [35] at 14. Again, Concourse Plaza has cited no authority indicating that such a pre-suit response was required. *Id*. Concourse Plaza's position is nonsensical, since it essentially asserts that Great Lakes waived its right to insist on compliance with Fla Stat. § 627.70132 by seeking declaratory relief as to Concourse Plaza's failure to comply with it.

In sum, the Court finds the facts of this case easily distinguishable from those in *Axis*, 164 So. 3d at 686, the primary case cited by Concourse Plaza in its waiver argument. The *Axis* court faulted the insurer for failing to bring a forfeiture provision to an insurer's attention and leading

11

the insured to believe that it intended to fully pay the insured's claim. *Id*. at 689. Here, by contrast, Concourse Plaza was already aware of § 627.70132 on the day it informed Great Lakes of its intent to pursue additional damages stemming from Hurricane Irma. ECF No. [36-7] at 1. Great Lakes had no duty to inform Concourse Plaza of the statute before that date, and Concourse Plaza did not subsequently take "unequivocal acts wholly inconsistent" with its current position that Concourse Plaza's claim is barred. *Axis*, 164 So. 3d at 689. Great Lakes has not waived its right to insist on compliance with § 627.70132.

### C. Appraisal

The final issue is whether Concourse Plaza has a right to appraisal of its barred claim. ECF No. [47] at 2-3. Concourse Plaza argues that even if Great Lakes is "relieved from paying the appraisal award," Great Lakes still has a "duty to submit the claim to appraisal to determine the amount of loss." *Id*. at 3.

Concourse Plaza cites *Waterford Condo. Ass'n of Collier Cnty., Inc. v Empire Indem. Ins. Co.*, No. 2:19-cv-81-Ft.M-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2019), for the proposition that a court can compel appraisal even when there is a potentially valid defense to the underlying claim. ECF No. [47] at 3. But the court in *Waterford* addressed courts' "discretion over the relative timing of appraisal and coverage determinations." 2019 WL 4861196 at *1. Unlike the situation here, in *Waterford* the "dispute over coverage [was] hypothetical," and the insurer admitted that the insured's losses were covered by the policy. *Id*. *Waterford* in no way implies that a court can or should order appraisal of a barred claim. *Id.* Absent authority suggesting that such a result is required or desirable, the Court will not order appraisal of Concourse Plaza's barred claim.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 21-cv-21873-BLOOM/Otazo-Reyes

1. Concourse Plaza's Motion for Summary Judgment, **ECF No. [35]**, is **DENIED**.

2. Great Lakes' Motion for Summary Judgment, **ECF No. [38]**, is **GRANTED**.

3. A final judgment shall issue by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record