UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21873-BLOOM/Elfenbein

GREAT LAKES INSURANCE SE,

    Petitioner/Counter-Defendant Great Lakes,

v.

CONCOURSE PLAZA,
A CONDOMINIUM ASSOCIATION, INC.

    Respondent/Counter-Plaintiff.
_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Petitioner/Counter-Defendant Great Lakes Insurance SE's ("Great Lakes") Motion for Reconsideration of Order following Mandate ("Motion"), ECF No. [71]. The Respondent/Counter-Defendant, Concourse Plaza, A Condominium Association, Inc. ("Concourse Plaza") filed a Response in Opposition ("Response"), ECF No. [74]. Great Lakes filed a Reply, ECF No. [77]. The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.  BACKGROUND**

This is an insurance coverage dispute concerning losses caused by Hurricane Irma on September 10, 2017. Great Lakes initiated this proceeding on May 19, 2021, with the filing of its Petition for Declaratory Relief, ECF No. [1]. Therein, Great Lakes sought a declaration that Concourse Plaza failed to comply with Fla. Stat. § 627.70132, barring Concourse Plaza's claim for losses stemming from Hurricane Irma. *Id*. at 5.

Case No. 21-cv-21873-BLOOM/Elfenbein

In its Motion for Summary Judgment, Concourse Plaza sought a declaratory judgment that it complied with the three-year limitations period set forth in Fla. Stat. § 627.70132, a finding that Great Lakes was in breach of contract, and an Order referring the parties to binding appraisal. ECF No. [35] at 17-18. Great Lakes filed its Motion for Summary Judgment, seeking a declaration that Concourse Plaza's claim for Hurricane Irma damages was barred by Fla. Stat. § 627.70132. ECF No. [38] at 15.

This Court granted summary judgment for Great Lakes, and Concourse Plaza appealed. ECF Nos. [55], [57]. During the pendency of the appeal, *Patios West One Condominium Association, Inc. v. American Coastal Insurance Co.*, 388 So.3d 893 (Fla. 3d DCA 2024) was decided. The Eleventh Circuit determined that *Patios* applied. *See Great Lakes Ins. SE v. Concourse Plaza A Condo. Ass'n*, 22-13141-HH, at 5 (11th Cir. 2024) (citing *Bravo v. United States*, 532 F.3d 1154, 1164 (11th Cir. 2008)). The Eleventh Circuit reversed and remanded this Court's Order on Summary Judgment in favor of Great Lakes. On Remand, this Court issued its Order Following Mandate ("Order") and ordered the parties "to submit to binding appraisal on the amount of loss at issue." ECF No. [67].

Thereafter, Great Lakes filed its Motion for Reconsideration, seeking reconsideration and clarification of the Order, noting that *Patios* is currently being appealed to the Florida Supreme Court.[1] ECF No. [71] at 1. Great Lakes does not argue against submitting to appraisal, but argues that "before commencing the appraisal process, the Court should define the scope of the appraisal and require that any award be stated consistent with the contours of the policy and applicable law." ECF No. [71] at 1-2. Great Lakes seeks an amended order "(1) defining the scope of the appraisal;

---

[1] The Supreme Court of Florida accepted jurisdiction of *Patios* on August 20, 2024. *American Ins. Co. v. Patios West One Condo. Ass'n*, SC2024-0160, 2024 WL 3880025 (2024).

and (2) requiring the appraisal award form delineate between replacement cost value ("RCV"), actual cash value ("ACV"), ordinance or law, debris removal, and other benefit figures, coverages, and repairs." *Id*. at 2. Great Lakes files its Motion seeking reconsideration of the Order pursuant to Fed. R. Civ. P. 54(b). *Id*. at 3.

Concourse Plaza responds that Great Lakes' Motion is actually a request to improperly take over the appraisal process and does not meet the pleading standard for reconsideration because there is no change in controlling law, no new evidence presented to affect the outcome, nor error to correct or show manifest injustice in the Order. ECF No. [74] at 4.

Great Lakes replies that it is asking this Court "to direct the appraisal panel . . . to consider questions of causation . . . consistent with the contours of the policy and applicable law." ECF No. [77] at 2. Great Lakes further contends that its request for a detailed line-item appraisal is appropriate and may be helpful should an issue arise during the appraisal process that may be brought before this Court for resolution later. *Id*. at 3.

## II. LEGAL STANDARD

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure Rule 54(b) provides in pertinent part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "In the Eleventh Circuit, courts employ the same standards for evaluating Rule 54(b) motions for reconsideration as they do for considering Rule 60(b) motions for relief from judgment." *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.,* No. 07-22326-CIV-Dimitrouleas, 2008 WL 11333262, at *3 (S.D. Fla. Apr. 29, 2008) (citing *Maldonado v. Snead*, 168 Fed. App'x 373, 386-87 (11th Cir. 2006)).

3

Case No. 21-cv-21873-BLOOM/Elfenbein

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. Jan. 8, 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. July 25, 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F.

4

Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. Dec. 10, 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party … to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III. DISCUSSION

Great Lakes argues the roof at Concourse Plaza is a significant part of the disagreement between the parties and, as the roof was repaired in 2022, a desk review including photos and invoices is likely. ECF No. [71] at 3-4. For this reason, Great Lakes seeks reconsideration requesting "the Court enter an order requiring the appraisers to select an umpire with the educational background and technical knowledge to determine causation of damage." *Id*. Great Lakes contends reconsideration is also warranted to define the scope of the appraisal, and to require the appraisal award form to delineate various costs and line items. ECF No. [71] at 2. Concourse Plaza responds that delineation or any specific form of apportioning the stated amount of loss is not required in the insurance policy ("Policy"), and therefore the parties must proceed in line with "the language of the [P]olicy." ECF No. [74] at 17. Concourse Plaza points out the selection of the umpire is also provided for in the "unequivocal provisions of the Appraisal Clause" set forth in the Policy. *Id*. at 10. Further, Concourse Plaza reasons this request is unnecessary and premature

5

because Great Lakes has failed to appoint its appraiser, and it is only the appraisers who, *if and when* faced with a disagreement on the amount of loss, must then jointly appoint an umpire. *Id*. Finally, Concourse Plaza contends that since the Court's Order only directed the parties to submit to appraisal, the arguments set forth in the Motion, including arguments regarding the scope of the appraisal, are improper as Great Lakes has not challenged the Order on that basis. *Id*. at 8,10. Great Lakes replies that photos available through the Miami-Dade County Appraiser's Office show that Concourse Plaza replaced its roof in 2022 and is new evidence supporting reconsideration. ECF No. [77] at 1. Great Lakes maintains delineation is appropriate in anticipation of potential coverage disputes. ECF No. [77] at 1-3.

The Court addresses Great Lakes' argument for delineation first.

**A. Delineation**

Great Lakes moves for an order "directing the appraisal panel to delineate between Replacement Cost Value ("RCV"), Actual Cost Value ("ACV"), ordinance or law (increased cost of construction), debris removal, and other benefit figures, coverages, and repairs." ECF No. [71] at 10. Great Lakes also seeks delineation regarding matching costs (indirect costs in making repairs to damaged property). *Id*. at 6. Great Lakes concedes that when a policy is silent as to the form of the appraisal award, line-item delineation cannot be compelled if one party objects to that approach. *Id*. Nevertheless, Great Lakes reasons that Florida courts have also acknowledged the benefit of line-item appraisal awards and in some cases required delineation as part of the scope of the appraisal process. *Id*.

Concourse Plaza responds that the Order referring the parties to appraisal did not address "the methods and means by with the yet-to-be-appointed appraisal panel was to conduct its deliberations;" thus, Great Lakes' argument for reconsideration fails as a matter of law. ECF No.

6

[74] at 16. Concourse Plaza contends the Appraisal Clause within the Policy does not require the appraisal panel to delineate the damages, nor does it require any particular format setting forth the stated amount of loss. *Id*. at 17. Instead, Concourse Plaza reasons that Great Lakes is asking this Court to rewrite the Policy's provisions in contravention of Florida law, which "mandates that in interpreting insurance contracts, the language of the policy is the most important factor." *Id*.

Great Lakes replies that a delineated appraisal award is appropriate, streamlined, and may help this Court to assess coverage disputes more easily should one be brought later. ECF No. [77] at 2-3.

The Court finds that Great Lakes has failed to meet its burden to "establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009). At no point has Great Lakes argued that an intervening change in law, newly discovered evidence, or an error in apprehension or judgment exists to support reconsideration as to delineation of the appraisal award form. Great Lakes merely asks for an order establishing an approach to appraisal awards that it believes is favorable to it. There is no basis for reconsideration when a party merely seeks reexamination of a ruling unfavorable to it or not to its liking. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).

Moreover, the case law Great Lakes relies on to support its request for delineation is distinguishable and unpersuasive. In arguing that delineation is warranted because it is helpful and at times has been ordered by courts, Great Lakes relies on *American Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n*, 306 So.3d 1238 (Fla. 2d DCA 2020), and a footnote from *Fla. Ins. Guar. Ass'n v. Olympus Ass'n*, 34 So.3d 791, 796 n.1 (Fla. 4th DCA 2010). In *Leeward Bay*, the insurer attempted to void its policy with the insured for "falsely inflat[ing] the

claim well beyond its actual value." *Id*. at 1241. The trial court directed the appraiser to delineate the damages and costs after the claim of fraud was made. *Id*. Delineation was never disputed by the parties and was not the basis of the appeal. Here, there are no claims that Concourse Plaza fraudulently inflated its claims like *Leeward Bay* and Concourse Plaza disagrees that there is a need for delineation. Consequently, Great Lakes' reliance on this case is unavailing.

*Olympus* is no more persuasive. In *Olympus*, the trial court issued judgment to an insured against the Florida Insurance Guaranty Association (FIGA) after the original insurer went into receivership. 34 So.3d at 763. On appeal, FIGA argued that the trial court erred because it never ruled on its affirmative defenses. *Id*. at 765. The appellate court reversed and remanded to determine coverage liability considering FIGA's affirmative defenses "and enter the appropriate amount based on the appraisal." *Id*. However, the court did not advocate for delineation. Instead, the court merely indicated in a footnote that the line-item appraisal form already used by the parties on their own initiative allowed for an easier resolution of issues raised during the appraisal process. *Id*. n.1. Thus, *Olympus* does not support that the Court must enter an amended order imposing delineation.

Both *Leeward Bay* and *Olympus* relied on a case from this district where the court did order delineation, *Bonafonte v. Lexington Ins. Co.*, No. 08-21062-Civ, 2008 WL 2705437 (S.D. Fla. July 9, 2008). In *Bonafonte*, the plaintiff sought a court-appointed umpire when the parties could not agree on one. *Id*. at *1. However, the plaintiff became unresponsive to the proceedings and court orders. *Id*. Given the plaintiff's absence, the insurer moved for delineation, and the court — noting that is considered the motion without the benefit of the plaintiff's response — granted delineation. *Id*. *2. This case is in a different posture. Concourse Plaza is present and has responded by objecting to delineation. Moreover, as Great Lakes concedes, consistent with *White Surf Condo.*

*Mmgt. Ass'n Inc. v. Lexington Ins. Co.*, No. 17-Civ-Orl-40TBS, 2017 WL 10084143, at *1 (M.D. Fla. Aug. 10, 2017), delineation cannot be compelled when one party objects. In Florida, "courts may not 'rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.'" *Id*. (quoting *Taurus Holdings, Inc. v. United States Fid. and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005)). The language in the Policy does not require delineation.

Great Lakes has failed to meet its burden to "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to [amend] its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. July 25, 2003) (citations omitted). An amended order imposing delineation is not warranted, nor is further clarification required.

### B. Scope of the Appraisal

#### i. The Roof and Ordinance or Law Requires a Specialized Umpire

Great Lakes argues reconsideration is warranted because the roof — "one of the largest areas of disagreement between the parties" — was already repaired in 2022. ECF No. [77]. For that reason, Great Lakes asserts a desk review including photos and invoices is likely and "requests the Court enter an order requiring the appraisers to select an umpire with the educational background and technical knowledge to determine causation of damage, including the ability to identify the damage caused by wind." ECF No. [71] at 4-5. Great Lakes asserts the Policy does not require payment "for repairs on account of increased cost of construction" which is referred to as "ordinance or law." *Id*. at 4. Great Lakes seeks an order directing the appraisal panel to only award damages due to wind and to decline to award damages "for repairs to undamaged portions of the roof to satisfy the Florida Building Code or other ordinance or law ECF No. [71] at 4-5.

Concourse Plaza responds that the argument fails to satisfy reconsideration standards because Great Lakes does not present any intervening change in controlling law, availability of new evidence, or the need to correct clear error. ECF No. [74] at 10. Concourse Plaza argues the appraisal panel, not a court, is best "equipped to resolve any questions of causation concerning the roofing system in arriving at the amount of the loss." *Id*. Regarding appointment of the umpire, Concourse Plaza argues an amended order directing the selection of an umpire is "unnecessary and premature" because only when the appraisal panel has been selected, disagrees on the amount of loss, and needs to select an umpire to settle their disagreement may court intervention be proper. *Id*. Concourse Plaza points out that if a coverage question arises during the appraisal process, it may be brought before the Court for resolution. *Id*. at 11-12.

Great Lakes replies that it is only "asking the Court to direct the appraisal panel, duly empowered to consider questions of causation, to do so consistent with the contours of the policy and applicable law." ECF No. [77] at 2. Great Lakes reintroduces its argument that it presented new evidence because it was after Concourse Plaza's initial appraisal demand that "publicly available imagery [showing] the roof has been replaced in 2022." *Id*. at 1. Finally, Great Lakes argues because Concourse Plaza acknowledges potential coverage questions can come before the Court for resolution, there should be no opposition to an amended order directing the appraisal panel. *Id*. at 2.

Regarding Great Lakes' request for an amended order to direct the selection criteria of the umpire, that request is inconsistent with the Policy which clearly provides that the parties' appraisers have control over the election of the umpire:

Appraisal

If we and you disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event, *each party must select*

10

> *a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.* The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
>
> See Policy at ECF No. [9] at 17 (emphasis added).

Several threshold issues exist. First, the Order from this Court directs the parties to submit to appraisal and does not address selection of a potential umpire. Thus, there is nothing in the Order to reconsider regarding the appointment of an umpire. Next, as Great Lakes has yet to appoint its appraiser, it may do so consistent with its stated concern regarding appraisal of the roof. Its appointed appraiser may do the same *if* the appraiser later has an opportunity to participate in the selection of the umpire should there be a failure to agree on the stated amount of loss. A court may only intervene upon motion of a party if at that later stage, the appraisers cannot agree on an umpire. Finally, as the Appraisal Clause is part of a valid contract binding the parties, this Court is not in the position to rewrite the contract, "add meaning that is not present, or otherwise reach results contrary to the intentions of the parties.'" *White Surf Condo. Mmgt. Ass'n Inc. v. Lexington Ins. Co.*, No. 17-Civ-Orl-40TBS, 2017 WL 10084143, at *1 (M.D. Fla. Aug. 10, 2017) (quoting *Taurus Holdings, Inc. v. United States Fid. and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005)). The Policy does not support a court intervening in the election of an umpire at this stage.

Next, Great Lakes' argument that the "publicly available satellite imagery" showing the roof replacement at Concourse Plaza is new evidence supporting reconsideration fails. Even if Great Lakes sufficiently argued the roof replacement in 2022 is new evidence, it is not new in the context of the appraisal process because the process has not yet begun. Accordingly, this fact is not new evidence to support reconsideration, and further clarification is not required.

Finally, Great Lakes' argument that a hypothetical coverage question warrants an amended order is without merit. Great Lakes references the Policy Exclusion of Additional Coverage –

Increased Cost of Construction Endorsement to support its argument that the extent to which it must cover the roof replacement or repair warrants an amended order. Concourse Plaza "readily acknowledges" this provision. ECF No. [71] at 4; ECF No. [74] at 11[2]. However, acknowledging that a provision exists does not rise to a coverage dispute and is not a reason to amend the order. Moreover, Great Lakes set forth its argument without pointing to any dispute on coverage and without reliance on legal authority. This Court has held that "a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) (internal quotations and citation omitted). Great Lakes requests an order that the appraisal panel delineate between covered and excluded causes of loss on the roof at Concourse Plaza, but that request has been foreclosed in the discussion above. Accordingly, for the reasons stated, reconsideration is not warranted, and further clarification is not required.

> ii. Interior Damage Limitation

Great Lakes seeks an order from this Court directing the Appraisal Panel to identify the portions of the roof or walls damaged by wind such that rain entered and caused interior water damage. ECF No. [71] at 7. Great Lakes reasons only interior damages due to a "storm created opening" not "wind driven rain" should be awarded. *Id*. For support, Great Lakes cites to provisions within its Policy, and cases where on summary judgment, evidence established the exclusion policies within various insurance contracts precluded coverage for interior damage. *Id*.

---

[2] Both parties cite to the provision in the Policy at ECF No. [9] at 99. Portions of this provision can also be found at ECF No. [9] at 53-55.

Concourse Plaza responds this is an improper basis for reconsideration as the Wind-Driven Rain Limitation raised by Great Lakes was not mentioned in the Order directing the parties to appraisal, which is a sufficient basis for denial of the Motion. ECF No. [74] at 14. Concourse Plaza argues that a pre-appraisal order implicating causation is also improper as questions of causation should be addressed by the appraisal panel as part of the binding proceedings. *Id*. at 15. For support, Concourse Plaza cites to *Johnson v. Nationwide Mut. Ins. Co.,* 828 So.2d 1021, 1022 (Fla. 2002)*, and Kendall Lakes Townhomes Developers, Inc. v. Agricultural Excess and Surplus Lines Ins. Co.* 916 So.2d 12 (Fla. 3d DCA 2005)*.*

The Reply argues that the Court should direct the appraisal panel to consider "the contours of the policy and applicable law." ECF No. [77] at 2.

Great Lakes has failed to meet its burden establishing reconsideration is warranted. Support for reconsideration requires the movant to show an intervening change in controlling law, newly found evidence, or the need to correct clear error. *Cover v. Wal-Mart Stores, Inc*., 148 F.R.D. 294, 295 (M.D. Fla. Apr. 15, 1993) (citations omitted). Great Lakes has done nothing more than identify a provision in the Policy for interior water damage and ask for an amended order directing the appraisal panel to award damages consistent with that provision. That is plainly not a factor for reconsideration. Furthermore, the cases Great Lakes relies on are distinguishable and unavailing. In *331 S. Ctny. Rd. Corp. v. Greenwich Ins. Co*., No. 20-81742-Civ-Singhal, 2021 WL 10256976 (S.D. Fla. Dec. 20, 2021), summary judgment was granted in favor of the insurer when portions of an insured's roof were exposed during repairs and rainwater permeated a temporary plastic barrier resulting in interior damage. Similarly, Great Lakes' reliance on a case from the First District Court of Appeal from 1978 is also unavailing. In *New Hampshire Ins. Co. v. Carter*, 359 So.2d 52 (Fla. 1st DCA 1978), also on a summary judgment posture, homeowners personally

removed shingles from their roof and laid tar paper down when conducting their own home repairs. The court found interior damage from rainwater entering the home was not covered as the insurance policy "specifically exclude[d] damage by rain unless the rain enters an opening in the roof created by the wind." *Id.* at 54. Those cases on summary judgment are based on different facts and different postures and do not support Great Lakes' argument that before the appraisal process begins, an amended order doing nothing more than stating an undisputed Policy provision is warranted. Accordingly, reconsideration is not warranted on this issue, and further clarification is not required.

### C. Request for Oral Argument

Great Lakes requests a hearing to assist the Court with the issues it raises, in accordance with the Local Rules of the United States District Court for the Southern District of Florida, Rule 7.1(b)(2). ECF No. [71] at 11. Based on this issues raised, a hearing would not assist the Court and the request is denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Respondent's Motion for Reconsideration, **ECF No. [71]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 8, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record