UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21873-BLOOM/Elfenbein

GREAT LAKES INSURANCE SE,

    Petitioner/Counter-Defendant Great Lakes,

v.

CONCOURSE PLAZA,
A CONDOMINIUM ASSOCIATION, INC.

    Respondent/Counter-Plaintiff.

_____/

## ORDER STAYING RESOLUTION OF APPLICATION FOR ATTORNEYS' FEES

**THIS CAUSE** is before the Court upon Respondent/Counter-Plaintiff Concourse Plaza, A Condominium Association, Inc.'s ("Concourse Plaza") Application for Appellate Attorneys' Fees ("Application"), ECF No. [70] at 3-54. Petitioner/Counter-Defendant Great Lakes Insurance SE ("Great Lakes") filed Objections to the Application, ECF No. [70] at 55-76, to which Concourse Plaza filed a Reply, ECF No. [70] at 77-91. On July 9, 2024, the Eleventh Circuit Court of Appeals transferred the Application to this Court for "consideration of whether Appellant is entitled to appellate attorney's fees in relation to this appeal and the amount of appellate attorney's fees to which it is entitled, if any." ECF No. [69] at 2. The Court has reviewed the Application, the supporting and opposing submissions, the record in the case, and is otherwise fully advised.

Concourse Plaza seeks attorneys' fees pursuant to §§ 627.428(1) and 626.9373, Florida Statutes. Section 627.428 provides in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a

Case No. 21-cv-21873-BLOOM/Elfenbein

reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

Section 626.9373 mirrors § 627.428 but applies to surplus line insurers. *See* Fla. Stat. § 626.9373(1). However, "an award of attorneys' fees under this statute is permissible only upon the insured's obtaining a final judgment or decree in which recovery is had." *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1280 (11th Cir. 2007) (internal quotations omitted).

The Eleventh Circuit reversed this Court's Order grant of summary judgment to Great Lakes and remanded for further proceedings. ECF No. [66]. On remand, this Court issued its Order Following Mandate and ordered the parties "to submit to binding appraisal on the amount of loss at issue." ECF No. [67]. A review of the docket establishes no award or judgment has yet to be entered in favor of Concourse Plaza. Indeed, the Court stayed the case pending the outcome of the binding appraisal proceedings. *See* ECF No. [67], [68]. Therefore, the Application for Attorneys' Fees is stayed pending resolution of the binding appraisal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Respondent/Counter-Plaintiff Concourse Plaza's Motion**, ECF No. [70]**, is **STAYED** pending outcome of the binding appraisal proceedings.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 20, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record